IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DEBRA DICK                   )
                             )
        Plaintiff,           )
                             )
        v.                   )    1:06cv633(JCC)
                             )
H.P. HOOD                    )
                             )
        Defendant.           )

## M E M O R A N D U M   O P I N I O N

        This matter is before the Court on Defendant's motion
to dismiss.  For the reasons stated below, the Court will grant
in part and deny in part Defendant's motion to dismiss, and
transfer venue to the Western District of Virginia.

### I. Background

        Plaintiff Debra Dick ("Dick") has brought this action
against Defendant H. P. Hood ("Hood"), for age discrimination
under the Age Discrimination in Employment Act ("ADEA") and for
sex discrimination under Title VII of the Civil Rights Act of
1964 ("Title VII").  Plaintiff is 48 years old, a citizen of
Virginia and a resident of White Post, VA.  Defendant Hood is a
Delaware limited liability corporation with its headquarters in
Chelsea, MA.  Defendant owns and operates a manufacturing plant
in Winchester, VA.

        Plaintiff Dick worked exclusively in Hood's
manufacturing plant in Winchester, VA from May 2000 until July
2004.  On February 6, 2004, Dick was given a written warning for

unsatisfactory work performance by her shift manager, Dennis McNutt.  From February to May 2004, Plaintiff regularly met with her new shift manager, Darrell Wright ("Wright"), to review her work performance, and Plaintiff alleges that the meetings with Wright indicated an improvement.  Despite perceived progress on the part of Plaintiff, on May 6, 2004, she was given a final written warning by Production Manager Greg Janzow ("Janzow").  Following this final warning, Plaintiff continued to receive satisfactory evaluations from Wright.  On July 12, 2004 Janzow officially fired Plaintiff, stating as cause alleged work deficiencies from June 2004.  Plaintiff was replaced by a male of substantially younger age.

Plaintiff brought this action in the Eastern District of Virginia alleging age and sex discrimination against "H.P. Hood," a Virginia corporation with its principal place of business in Winchester, VA.  Plaintiff alleged jurisdiction and venue on the grounds that Defendant resides in the Eastern District of Virginia and events giving rise to the claim occurred in the Eastern District of Virginia.  Defendant moved to dismiss Plaintiff's claim for (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) improper service of process; and (5) failure to state a claim. This motion is now before the Court.

## II.   Standard of Review

A.   12(b)(1) – Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of proving subject matter jurisdiction is on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

B.   12(b)(2) – Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction.  To establish jurisdiction over a non-resident, this Court must first consider whether jurisdiction is authorized by Virginia law.  Then, having found statutory authorization, the Court must consider whether the exercise of

personal jurisdiction is consistent with traditional notions of fair play and due process. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985). Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). It may, however, be possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision. *See DeSantis v. Hafner Creations, Inc.,* 949 F.Supp. 419, 423 (E.D. Va. 1996). As always, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### C.  12(b)(6)- Failure to State a Claim Upon Which Relief May Be Granted

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

    D.   Transfer of Venue

        Section 1404(a) addresses motions to transfer.  With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

        This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) the plaintiffs' choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988).  The interest of justice factors include such circumstances as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)(citations and quotations omitted). In applying these factors, a Court must remember that the

plaintiff's choice of forum is entitled to substantial weight, and should be abandoned only if the defendant can show that it is clearly outweighed by other factors.  *Id.*

### III. Analysis

A.  Lack of Subject Matter Jurisdiction

Defendant argues that this Court lacks subject matter jurisdiction, because the proper party was not named in the EEOC charge.  Defendant argues that because the complaint named "H.P. Hood" instead of "H.P. Hood, LLC", the wrong party was named. The general rule is that an aggrieved employee may sue only those persons or entities named as respondents in his administrative charge.  *See Alvarado v. Board of Trustees,* 848 F.2d 457, 458 (4th Cir. 1988)(citing 42 U.S.C. § 2000e-5(f)(1) for proposition that suit may be brought only against respondent named in administrative charge).  The Fourth Circuit has held that:

> Construed strictly...this requirement could present a virtually insurmountable barrier for Title VII claimants, many of whom file administrative charges without the assistance of counsel....  For instance, the Fourth Circuit...[has allowed] Title VII plaintiffs to sue parties not named in the administrative charge where the unnamed party is "functionally identical" to a named party.

*Tietgen v. Brown's Westminster Motors, Inc.,* 921 F.Supp. 1495, 1498 (E.D. Va. 1996)(citing *Alvarado*, 848 F.2d at 460). Defendant's argument that this exception *only* applies to situations where a plaintiff was not represented by counsel is

unfounded and unsupported by case law.  Furthermore, even if
there is an actual difference between "H.P. Hood" and "H.P. Hood,
LLC," it is minor enough for the two to be "functionally
identical."  Therefore, Defendant's motion to dismiss for lack of
subject matter jurisdiction will be denied.

B.  Lack of Personal Jurisdiction

For a district court to have personal jurisdiction over
a defendant, a plaintiff must establish minimum contacts with the
forum state. *International Shoe Co. v. Washington,* 326 U.S. 310,
316 (1945).  Defendant argues that Plaintiff's complaint should
be dismissed for lack of personal jurisdiction because the
actions forming the basis for the complaint occurred in
Winchester, VA, which is located in the Western District of
Virginia.  This argument lacks merit.  Defendant is registered to
do business in the Commonwealth of Virginia and operates a
facility in Winchester, VA.  The actions at issue all arose
within the Commonwealth of Virginia.  Therefore, sufficient
contacts with the forum state have been established, and personal
jurisdiction exists.  Accordingly, Defendant's motion will be
denied.

C.  Insufficient Service of Process

Defendant next challenges service of process upon Ms.
Anne Tevault in Winchester, VA.  Defendant's basis for dismissal
is that Ms. Tevault is not an officer, manager, or general agent

-7-

authorized to receive service of process, within the purview of Rule 4(h)(1) of the Federal Rules Civil Procedure.  Ms. Tevault is a Human Resources Coordinator at Hood's Winchester facility. On June 21, 2006, she accepted service of process on behalf of Hood, and made representations to Craig Lynn that she was authorized to do so.  Plaintiff provided a sworn declaration made by Mr. Lynn indicating that Mr. Lynn was directed to Ms. Tevault by other employees as someone authorized to accept service, and that Ms. Tevault affirmed her authorization to accept service. Defendant has provided no evidence in rebuttal other than a declaration made by Hood's Vice President and General Counsel, Paul Nightingale that Ms. Tevault's duties are "primarily administrative."  For these reasons, this Court finds that service of process was proper, and will deny Defendant's motion to dismiss.

> ### D.  Failure to State a Claim
>
> #### i.  ADEA Claim

Defendant finally moves to dismiss the action for failure to state a claim under Rule 12(b)(6) of the Federal Rule of Civil Procedure.  The substantive elements for an ADEA claim are: (1) an employee covered by the Act; (2) suffered an unfavorable employment action by an employer covered by the Act; (3) under circumstances in which the employee's age was a "determining factor" in the action. *Lovelace v. Sherwin-Williams*

*Co.,* 681 F.2d 230, 238-39 (4th Cir. 1982).  In this case, Plaintiff properly alleged that she was a member of a class covered by the Act, as a 48 year old.  Plaintiff alleged that despite receiving satisfactory evaluations, she was terminated because of her age and then replaced by a younger male. Plaintiff has thus plead a case for age discrimination and Defendant's motion to dismiss should be denied on this count.

       ii.  Title VII Claim

       Defendant also moves to dismiss Plaintiff's complaint for alleged sex discrimination based on Title VII.  To state a cause of action for a Title VII violation, Plaintiff must allege facts that show: (1) she belongs to a protected class; (2) she was engaged in conduct comparable to employees outside the protected class; (3) similarly situated employees outside the protected group were not discharged. *Cook v. CSX Transportation Corp.,* 988 F.2d 507, 511 (4th Cir. 1993).  Plaintiff properly alleges that, as a female, she is a member of a protected class under the Act.  Plaintiff further alleges that she was engaged in conduct comparable to younger male employees, who fall outside the protected group.  Plaintiff finally alleges that she received satisfactory evaluations and was nonetheless terminated, while younger males with similar evaluations were not.  Plaintiff has thus properly alleged a prima facie case for gender discrimination and Defendant's motion to dismiss will be denied.

### iii.  Damages

Defendants also move to dismiss Plaintiff's claim to the extent that it calls for emotional, punitive, and liquidated damages.  Emotional damages are not available for Plaintiff's claim under the ADEA. *See Commissioner v. Schlier,* 515 U.S. 323, 325-26 (1995).  Liquidated damages are available upon a showing of a willful violation of the Act. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 616 (1993).  Emotional damages are available for Plaintiff's claim under Title VII of the Civil Rights Act for gender discrimination. *See, e.g., Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 955 (2d Cir. 1988); *Kyles v. J.K. Guardian Securities Services, Inc.,* 222 F.3d 289, 300 (7th Cir. 2000). Neither the ADEA, nor Title VII provide for punitive damages. *See, e.g., Espinueva v. Garrett,* 895 F.2d 1164, 1165 (7th Cir. 1992).

In this case, Plaintiff has properly alleged facts which, if proven true, would constitute willful conduct as required for liquidated damages under the ADEA.  Furthermore, Plaintiff has properly alleged facts, which if proven true would constitute malice or reckless indifference to her rights. Therefore, Defendant's motion will be denied with respect to the claims for liquidated under the ADEA, and emotional damages under Title VII, but granted with respect to emotional damages under the ADEA and punitive damages under both the ADEA and Title VII.

-10-

E.   Venue

   i.   Venue is Improper in the Eastern District of
   Virginia

   Defendant next challenges venue in the Eastern District
of Virginia.  In a civil action based on a federal question,
venue is proper in a judicial district where: (1) any defendant
resides; (2) a substantial part of the events or omissions giving
rise to the claim occurred; (3) any defendant may be found, if
there is no district in which the action may otherwise be
brought. *See* 28 U.S.C. § 1391(b)(1).  In this case, the acts and
events occurred in the Western District of Virginia.  Venue thus
hinges upon whether or not the Defendant resides in the Eastern
District of Virginia.

   Under 28 U.S.C. § 1391(c), a corporate defendant is
deemed to reside in any district "within which its contacts would
be sufficient to subject it to personal jurisdiction if that
district were a separate state."  Plaintiff contends that venue
is proper because "Hood is a corporation transacting business
throughout Virginia," with its registered agent located in the
Eastern District of Virginia.  While indicative of contacts with
a given jurisdiction, the existence of a registered agent alone
is insufficient to establish sufficient contacts for jurisdiction
and venue. *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745,
748 (4th Cir. 1971).  Sufficient minimum contacts must still be

-11-

established with the Eastern District of Virginia for venue to be proper. *Id.*

In this case, Plaintiff has not established sufficient contacts between Defendant and the Eastern District of Virginia. Defendant resides in Winchester, VA, which is in the Western District of Virginia, and was served with process there.  The underlying acts alleged in this case occurred in the Western District of Virginia.  Finally, as a resident of Clarke County, Plaintiff also resides in the Western District of Virginia. Plaintiff has not established any contacts with the Eastern District of Virginia, other than a registered agent located in Richmond, and a conclusory allegation that Defendant does business throughout the state.  Therefore, venue is improper in the Eastern District of Virginia.

### ii.  Venue Will be Transfered to the Western District of Virginia

This Court has discretion to transfer venue under 28 U.S.C. § 1404(a).  With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) the

-12-

plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988). The interest of justice factors include such circumstances as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)(citations and quotations omitted). In applying these factors, a Court must remember that the plaintiff's choice of forum is entitled to substantial weight, and should be abandoned only if the defendant can show that it is clearly outweighed by other factors. *Id.*

In this case, as noted above, venue is improper in the Eastern District of Virginia, because Plaintiff has not established sufficient contacts between Defendant and the district. However, it is in the interest of convenience and justice to transfer the case to the Western District of Virginia, where the parties and potential witnesses are located, contacts are sufficient, the events giving rise to the case occurred, and venue is proper. Therefore, this Court will transfer venue to the Western District of Virginia.

-13-

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be **granted** with respect to (a) Plaintiff's claims seeking emotional damages under the ADEA; and (b) Plaintiff's claims seeking punitive damages.  Defendant's motion to dismiss will be **denied** with respect to (a) lack of subject matter jurisdiction; (b) lack of personal jurisdiction; (c) improper service of process; (d) failure to state a claim under the ADEA; (e) failure to state a claim under Title VII; (f) Plaintiff's claim seeking emotional damages under Title VII; and (g) Plaintiff's claims seeking liquidated damages.  Venue will be transferred to the Western District of Virginia.  An appropriate Order will issue.


October 24, 2006                  _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE